# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TIFFANY MCCRAY | ) |
|       Plaintiff, | ) |
| vs. | ) Case Number: _____ |
| UNIVERSAL HEALTH SERVICES d/b/a HERMITAGE HALL, | ) |
|       Defendant. | ) |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Universal Health Services d/b/a Hermitage Hall[1] ("UHS" or "Defendant") by and through undersigned counsel, in accordance with 28 U.S.C. § 1441, gives notice of removal of the civil action filed by Plaintiff Tiffany McCray ("McCray" or "Plaintiff") presently pending in the Circuit Court of Davidson County, Tennessee, Case No. 20C259. As grounds for removal, UHS shows the following:

1. In accordance with 28 U.S.C. § 1446(a), copies of all record documents, including all orders, pleadings, and process which have to date been served upon UHS are attached. (**Exhibit A**.)

---

[1] Defendant Universal Health Services d/b/a Hermitage Hall is not a proper party to this action and is improperly named in the Amended Complaint. "Universal Health Services" should be named "Universal Health Services, Inc." Further, UHS is an improperly named Defendant. Plaintiff is not a former employee of UHS and UHS does not do business as "Hermitage Hall." Plaintiff is a former employee of Tennessee Clinical Schools, LLC d/b/a Hermitage Hall, a separate entity from UHS. By utilizing the caption provided by the Davidson County Circuit Court Clerk, UHS is not admitting it is the proper Defendant in this matter or that it employed Plaintiff. Plaintiff's failure to identify the correct party does not preclude this Court's exercise of original jurisdiction over this matter.

2. The Complaint in the above action was filed in the Circuit Court of Davidson County, Tennessee, on March 12, 2020. An Amended Complaint was filed later on the same day. (**Exhibit A**.) UHS received service of the Summons and the Original March 12, 2020 Complaint via United States Mail on April 6, 2020. **(Exhibit A.)** It was not until after the service of Summons of the March 12 Complaint via United States Mail that Defendant became aware Plaintiff had also attempted to file a Complaint on January 30, 2020.[2] (**Exhibit A**.) A summons was not issued following the filing of the January 30, 2020 Complaint. (**Exhibit A**.)

3. The above date of service of the Summons and Original March 12, 2020 Complaint on UHS constitutes the first date upon which UHS had actual notice of the pending action. Thus, in accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days of UHS's receipt of service of the Complaint.

4. Removal of the entire action is proper under 28 U.S.C. §§ 1331, 1332 and 1441. This is a civil action arising under the Constitution, laws, or treaties of the United States. Additionally, this is a civil action brought in a state court over which the district courts of the United States have original jurisdiction based upon the complete diversity of citizenship as between the parties.

5. Plaintiff is proceeding *pro se*. While Plaintiff's Amended Complaint does not include headings or references to the specific statutes she files suit under, it is clear Plaintiff's Complaint attempts to allege violations of federal employment laws.

---

[2] In Plaintiff's January 30, 2020 Complaint, she includes individually named Defendants. (**Exhibit A.**) Plaintiff omitted the individually named Defendants in her two subsequent Complaints. (**Exhibit A**.) Thus, Plaintiff has abandoned her claims against the individual Defendants. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306-07 (6th Cir. 2000) (recognizing that amended complaint supersedes previous complaints and controls case thereafter).

6. Despite filing her lawsuit in Tennessee State Court, Plaintiff's Amended Complaint includes a Civil Cover Sheet provided by the United States District Court, Middle District of Tennessee. (**Exhibit A.**) Plaintiff indicates on her Civil Cover Sheet that her "basis for jurisdiction" is "federal question." (**Exhibit A.**) Plaintiff also states she is claiming harassment, discrimination and retaliation under Title VII. (**Exhibit A**).

7. Additionally, Plaintiffs are required to exhaust their administrative remedies prior to filing suit under Title VII, the ADA and/or the ADEA. *Peeples v. City of Detroit*, 891 F.3d 622, 630 (6th Cir. 2018), *reh'g denied* (July 6, 2018) ("[A] plaintiff must first file an administrative charge with the EEOC within a certain time that alleges the wrongful conduct …prior to filing suit in federal court."). Attached to Plaintiff's Original March 12 Complaint is a Notice of Right to Sue issued by the Equal Employment Opportunity Commission ("EEOC"). (**Exhibit A.**) In the Notice of Right to Sue, the EEOC indicates Plaintiff filed a charge alleging violations of Title VII, the ADA and/or the ADEA. Specifically, the EEOC form states that Plaintiff's Notice of Right to Sue is "issued under Title VII, the ADA or GINA." The Notice of Right to Sue also separately states Plaintiff has 90 days to file a lawsuit under the ADEA. Like in Plaintiff's EEOC filings, Plaintiff's Complaint filed in the Circuit Court of Davidson County, Tennessee, alleges sexual harassment, age and race discrimination, and retaliation. (Complaint ¶ 1.) Thus, Plaintiff's Complaint should be read so as to attempt to allege causes of action under federal employment laws. *See Weigel v. Baptist Hosp. of E. Tennessee*, 302 F.3d 367, 380 (6th Cir. 2002) (it is a general rule in this circuit that a plaintiff's "judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination.").

8. Even if Plaintiff attempts to allege violations of Tennessee employment laws, UHS submits Plaintiff's Complaint cannot properly do so because to the extent Plaintiff could

allege violations of Tennessee employment laws, such claims are expired. Plaintiff's Complaint alleges violations of employment laws arising from actions taken in various months throughout 2018. (**Exhibit A.**) Claims brought under the THRA are subject to a one-year statute of limitations. *Id.* (citing Tenn. Code Ann. § 8-50-103(b)(2); *Walker v. Town of Greeneville*, 347 F.Supp.2d 566, 569 (E.D. Tenn. 2004)). The statute of limitations is not tolled by the filing of a charge with the EEOC. *Id.; see also Martin v. Boeing-Oak Ridge Co.*, 244 F. Supp. 2d 863, 871, 2002 WL 31994282 (E.D. Tenn. 2002) ("The THRA's one year limitations period for bringing a direct court action is not tolled while administrative charges are pending with the THRC or the EEOC."). Thus, Plaintiff's Complaint cannot plausibly state a claim under applicable Tennessee employment laws.

9. Removal is proper if the pleadings give rise to a federal question, even if not explicitly stated in the complaint. *See Floyd v. Perry*, No. 3:02CV7438, 2002 WL 31506187, at *2 (N.D. Ohio Nov. 6, 2002) (affirming removal even though plaintiff's complaint does not expressly state federal statutes, but clearly implicates a federal question); *see also Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (where the plaintiff's claim is "really one of federal law" then removal to federal court is proper, even if not clearly stated on the face of the complaint). Even if a complaint only includes state claims, if a federal question exists, removal is proper. *See Arrington v. Medtronic, Inc.*, 130 F. Supp. 3d 1150, 1160 (W.D. Tenn. 2014) (permitting removal to federal court even though complaint alleged state law claims where substantial federal questions and issues were raised).

10. Additionally, removal is proper because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.

11. Plaintiff, proceeding *pro se*, does not include an allegation in her Amended Complaint affirmatively addressing her citizenship, however, Plaintiff's Amended Complaint does affirmatively represent that her mailing address is located in Nashville, Tennessee. (**Exhibit A.**) Additionally, in Plaintiff's Charge filed with the EEOC, which is attached to the Original March 12 Complaint, Plaintiff's physical address is also represented to be in Nashville, Tennessee. (**Exhibit A.**) Thus, for purposes of removal, Plaintiff is a citizen of Tennessee.

12. Defendant UHS is incorporated in the State of Delaware. (Declaration of Michelle Carson, attached hereto as **Exhibit B**). UHS's principal operating offices and headquarters is located in King of Prussia, PA. (**Exhibit B**.) Plaintiff was not employed by UHS, but rather was an employee of Tennessee Clinical Schools, LLC, d/b/a Hermitage Hall ("Hermitage Hall"). (**Exhibit B**.) Hermitage Hall is a single member limited liability company, whose sole member is UHS. (**Exhibit B**.) As noted above, UHS is incorporated in Delaware, with its principal place of business in King of Prussia, Pennsylvania. Thus, UHS and Hermitage Hall are citizens of Delaware and/or Pennsylvania. *See Hertz v. Friend*, 559 U.S. 77, 130 S. Ct. 1181 (2010) (court clarified that the state in which corporate headquarters is located is the state in which corporation has its principal place of business); *Jackson v. Tennessee Val. Authority*, 462 F. Supp. 45 (M.D. Tenn. 1978) ("[w]here a corporation carries on its business in a number of states … the state in which the substantial part of its business is transacted and from which centralized general supervision of its business is exercised is the state in which it has its principal place of business"); *Delay v. Rosenthal Collins Grp., LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009) (Limited liability companies have "the citizenship of each of its members").

13. Complete diversity exists as between Plaintiff, a citizen of Tennessee, and UHS, a citizen of Delaware and/or Pennsylvania.

14. The amount in controversy in this case exceeds $75,000, exclusive of interest or costs, as required for removal on the basis of diversity. In her Amended Complaint, Plaintiff requests "compensatory damages in the maximum amount allowable." (**Exhibit A**.) Plaintiff also requests punitive damages "in the maximum amount allowable." Punitive damages "must be considered" when determining the jurisdictional amount in controversy in diversity cases. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citation omitted).

15. Under Tenn. R. Civ. P. 54.03, "every final judgment shall grant relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." When a Plaintiff asks for "open-ended relief," the Plaintiff is "not precluded from recovering more than $75,000." *Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 934, 2004 WL 2901927 (W.D. Tenn. 2004) (holding that Defendant established amount in controversy was more likely than not over $75,000 where Plaintiff's complaint requested a "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages"); *Jackson v. Johnson & Johnson, Inc.,* 2001 WL 34048067 (W.D. Tenn. 2001) (holding that, despite the stipulations of the Plaintiffs that their damages did not exceed $75,000, the Defendants "met the amount in controversy requirement" where Plaintiffs requested open-ended relief).

16. In this case, Plaintiff's request for relief is open ended. In her Amended Complaint, Plaintiff specifically requests compensatory damages and punitive damages in the "maximum amount allowable." (**Exhibit A**.) Under Title VII, Plaintiff can recover up to $300,000 in combined compensatory and punitive damages. 42 U.S.C. § 1981a(b). Thus, the amount in controversy requirement has been met.

17. Venue is properly placed in the United States District Court for the Middle District of Tennessee, Nashville Division, because it is the district court for the district and division within which the state action is pending, the Circuit Court for Davison County, Tennessee, in accordance with 28 U.S.C. § 1446(a).

18. Undersigned counsel certifies, in accordance with 28 U.S.C. § 1446(d), that concurrent with the filing and service of this Notice of Removal, UHS's "Notice of Filing of Notice of Removal" has been served upon *pro se* Plaintiff at the address provided by Plaintiff in her Complaint: Tiffany McCray, PO Box 140875, Nashville, Tennessee, 37214.

19. Undersigned counsel further certifies, in accordance with 28 U.S.C. § 1446(d), that concurrent with the filing and service of this Notice of Removal, a copy of the same, along with UHS's "Notice of Filing of Notice of Removal" has been filed with the Clerk of the Circuit Court of Davidson County, Tennessee. (**Exhibit C**.)

20. WHEREFORE, Defendant UHS prays that said action now pending in Circuit Court of Davidson County, Tennessee, be removed to the United States District Court for the Middle District of Tennessee, Nashville Division.

Dated: May 6, 2020            Respectfully submitted,

*s/ Mallory Schneider Ricci*
Mallory Schneider Ricci, TN BPR No. 32492
Stephanie Chavez, TN BPR No. 035080
Teresa Rider Bult, TN BPR No. 18431
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
401 Commerce Street, Ste. 1010
Nashville, TN 37219
615.320.5200
mricci@constangy.com
schavez@constangy.com
tbult@constangy.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document **DEFENDANT'S NOTICE OF REMOVAL** has been furnished to the *pro se* Plaintiff at address listed below via United States Postal Service, certified mail postage prepaid, on this 6th day of May, 2020:

> Tiffany McCray
> PO Box 140875
> Nashville, TN 37214

*s/ Mallory Ricci*
Mallory Ricci