IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TIFFANY MCCRAY                     )
                                   )
        v.                         )        NO. 3:20-0391
                                   )
UNIVERSAL HEALTH SERVICES          )
doing business as HERMITAGE HALL   )


**TO:    Honorable Aleta A. Trauger,  District Judge**


## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered May 19, 2020 (Docket Entry No. 6), the Court referred this *pro se* case to

the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b)

of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is Defendant's motion to compel arbitration and dismiss this case.  (*See*

Docket Entry No. 4).  Although Plaintiff has filed a response to the motion (Entry No. 8), she does

not actually oppose the motion.  For the reasons set out below, the undersigned respectfully

recommends that the motion (Docket Entry No. 4) be GRANTED and this case be dismissed.


## I.  BACKGROUND

Tiffany McCray ("Plaintiff") originally filed this action in the Circuit Court of Davidson

County, Tennessee, bringing claims of employment discrimination against her former employer,

Universal Health Services d/b/a Hermitage Hall ("Hermitage Hall"),[1] and several individuals who

work as administrators.  The case was subsequently removed to this Court on May 6, 2020, on the

basis of federal question jurisdiction. (Docket Entry No. 1).

---

[1] Defendant asserts that the correct name of Plaintiff's actual employer is Tennessee Clinical
School, LLC d/b/a Hermitage Hall.

In lieu of an answer, Defendant Hermitage Hall filed the pending motion to compel arbitration and to dismiss. Defendant argues that the Court should compel arbitration of Plaintiff's claims because Plaintiff entered into an Alternative Resolution for Conflicts Agreement ("ARC") with Hermitage Hall when she began employment and that the ARC applies to the type of employment discrimination claims that she has brought in her lawsuit. (*See* Memorandum in Support at Docket Entry No. 4-1). Defendant asserts that the ARC requires that such claims be resolved through final and binding arbitration instead of through the legal process. (*Id*.).

Plaintiff has filed a brief response to the motion, in which she offers no actual objection to the motion and acknowledges that the ARC is valid and that her dispute with Hermitage Hall falls within the scope of the ARC. (Docket Entry No. 8). She has also filed a request to amend her complaint to properly identify the defendant, clarify her existing claims, and include a claim for "gender/sex discrimination." (Docket Entry No. 9).[2]

## II. ANALYSIS

The question of whether the Plaintiff's claim must be arbitrated is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq*. (2011). The FAA provides that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Where a litigant establishes the existence of a valid agreement to arbitrate the dispute at issue, the Court must grant the litigant's motion to compel arbitration and stay or dismiss proceedings until the completion of arbitration. *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 451 (6th Cir. 2005) (citing 9 U.S.C. §§ 3-4).

When asked to compel arbitration, a federal court must determine: (1) whether the parties agreed to arbitrate; (2) the scope of the arbitration agreement; (3) whether Congress intended the claims raised to be nonarbitrable; and, (4) if some claims are nonarbitrable, whether to stay the

---

[2] It appears that, prior to removal, Plaintiff sought to amend her complaint. (*See* Docket Entry No. 1-1 at 21-27). However, it is unclear whether her request to amend was granted by the state court.

2

remainder of the proceedings pending arbitration. *Stout v. J.D. Byrider*, 228 F.3d 709, 214 (6th Cir. 2000). However, this is a limited review. *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004); *see also Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003). There is a strong presumption in favor of arbitration under the FAA, *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 652-53 (6th Cir. 2003), and any doubts regarding arbitrability must be resolved in favor of arbitration. *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003).

In the instant case, there is no dispute that a written arbitration agreement exists between the parties that applies to Plaintiff's claims and that compels the arbitration of the claims. The Court's review of the case reveals nothing that prevents the application of the ARC to this case, and there are no claims before the Court that are not subject to the ARC. Plaintiff has not shown any basis upon which to deny the Defendant's motion to compel arbitration. Finally, there is nothing contained in Plaintiff's proposed amended complaint that would change the arbitration analysis and compel a different conclusion.

Accordingly, the Court finds that the Plaintiff is bound by the terms of the ARC. Any further pursuit of her claims must be through arbitration in compliance with the arbitration provision contained in the ARC. Given that there do not appear to be any circumstances requiring a stay of this case pending resolution of arbitration proceedings, dismissal of the case without prejudice is appropriate. *See e.g. Ozormoor v. T–Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009) (affirming the district court's order compelling arbitration and dismissing the complaint when all claims were referred to arbitration); *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) (dismissal of action in lieu of stay is proper); *Wilson v. Wells Fargo Fin. Acceptance, Inc.*, 2003 WL 1877336 (M.D. Tenn. Apr. 9, 2003) (Campbell, J.) (dismissal without prejudice in lieu of a stay).

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that Defendant's motion to compel arbitration (Docket Entry No. 4) be GRANTED and that this action be DISMISSED

3

WITHOUT PREJUDICE.  Plaintiff's motion to amend (Docket Entry No. 9) should be DENIED as moot given the recommendation that arbitration should be compelled and that this action should be dismissed without prejudice.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made.  *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a).  Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Any response to the objections must be filed within fourteen (14) days after service of objections.  *See* Federal Rule 72(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

4