IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIFFANY MCCRAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 3:20-cv-00391 |
| | ) Judge Trauger |
| UNIVERSAL HEALTH SERVICES *doing business as Hermitage Hall*, | ) ) ) |
| Defendant. | ) ) |

# ORDER

The court is puzzled. The documentation furnished by the defendant in its Response in Opposition to Plaintiff's Motion to Move Claim to District Court (Doc. No. 23) states: "The parties have agreed that Arbitrator's fees and expenses shall be paid according to Section 7 of the parties' Arbitration Agreement." (Doc. No. 23-1, Arbitration Retainer Agreement, at 1). That section of the Arbitration Agreement states, in part: "Each party will pay the fees for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law. However, in all cases where required by law, the Company will pay the Arbitrator's and arbitration fees." (Doc. No. 23-5 at 7). The ambiguity of that sentence seems to be resolved by the arbitrator's statement in a May 14, 2022 email to the parties when he states: "Even though there is no administering agency..., the controlling arbitration agreement for my authority provides the Employment Rules of the AAA shall control." (Doc. No. 23-2 at 3). The AAA Employment Arbitration Rules and Mediation Procedures state, in Sections 43, 44 and 45, that the expenses of the arbitrator are governed by the Costs of Arbitration Section. That section states: "The company shall pay the arbitrator's compensation unless the individual, post dispute, voluntarily elects to pay a portion of the arbitrator's

compensation. Arbitrator compensation, expenses, and administrative fees are not subject to reallocation by the arbitrator(s) except upon the arbitrator's determination that a claim or counter-claim was filed for purposes of harassment or is patently frivolously." The court is puzzled both by the fact that apparently the plaintiff's former counsel agreed to split the arbitrator's fees and expenses with the defendant and the fact that the arbitrator himself states that the Employment Rules of the AAA govern this matter, and he has apparently expected the claimant to pay half of the fees.

The easiest resolution whereby this court would consider the *pro se* plaintiff's motion disposed of in this court is for the defendant to pay all outstanding fees of the arbitrator and to pay all fees to conclude this matter in arbitration. A case could be made that the defendant ought to refund to the claimant any arbitrator fees and expenses already paid by her. The court will await receiving the defendant's position on this matter.

The Clerk shall mail a copy of this Order to the plaintiff's present address.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge